The United States Court of Appeals for the Federalist Circuit is now open and in session. God save the United States and this Honorable Court. The Court would like to welcome its District Court colleague today and look forward to her contributions to our jurisprudence here. The first case is O'Leary v. DVA, Mr. Carpenter. Thank you very much, Your Honor. The Court, please. Kevin Carpenter appears on behalf of Mr. Michael O'Leary. Mr. O'Leary appeals a decision of the United States Court of Appeals for Veterans Claims. Mr. O'Leary believes that he was denied administrative appellate review by the Board of Veterans Appeals and presented that issue to the Court below. The Court below did not address that issue. As a consequence, we believe that the Court erred by implicitly misinterpreting its jurisdiction under 7252A and specifically its scope of review under 7262B. So what's its specific error, Mr. Carpenter? That the Board failed to exercise jurisdiction over a final Board decision which failed to adjudicate a matter which was perfected for appeal of the January 2001 decision of the VA. Mr. O'Leary completed the— So ultimately what you're complaining about is that they didn't go back far enough. You're worried that they didn't review years that you think he was qualified for additional compensation? Well, that's the ultimate issue. But the pivotal question in the matter that was decided by the VA in January of 2001 was whether or not there were pending informal claims raised by medical records which required the VA to adjudicate the question of a total rating based on unemployability. But I'm wondering, wouldn't they have reviewed those questions as a matter of course when they set the point at which the compensation went into effect? In setting that, they would have had to decide where to set it, and they would have had to look back and forward, wouldn't they? They did, Your Honor, and they specifically addressed in a January 12, 2001 decision at Joint Appendix 105 to 115 the specific question of whether or not there were or were not informal claims. What that decision said was is that entitlement to consideration of that question was not present at the time of either the December 82 or the December 84 rating decisions. Mr. O'Leary got that decision, got a notice of appellate rights, went through the 7105 requirements to initiate and complete an appeal. It got to the Board. When it got to the Board, if you look at page 41 of the Joint Appendix, the July 2004 Board decision does not list that as an issue. There was an issue raised, an issue decided, an issue perfected, and an issue then not decided by the Board of Veterans' Appeals in its July 2004 decision. I don't really understand that, Mr. Carpenter. If you look at page 3 of the most recent decision, accordingly the Board concluded that prior claims did not support an earlier effective date because the outcome was controlled by a date that was, etc. I mean, that seems to me to be a decision on the merits of the earlier case, and if that's correct, then what's the remedy now other than to send the case back for the entry of judgment in accordance with the earlier findings? Because the correct decision was the decision actually hidden inside the Board's decision at page 49 of the record, the first paragraph under the Subtitle A, Unadjudicated Claims. The Board specifically found that the two informal claims that had been presented to the Regional Office were pending and remained open. That is in direct contradiction to the finding that was made by the rating decision of January 2001. So as a consequence, the appropriate relief that was required by this Board decision was A, to have addressed the appeal, and B, to have sent the matter back to the Regional Office for a decision on those informal claims. Instead, what the Board did was to sort of meld these into the question of entitlement to an earlier effective date. And while clearly that is Mr. O'Leary's end result, that's what he wants at the end of the day, what he was entitled to was a decision by the rating Board, by the VA in the first instance. And instead, what he got was a sort of backhanded decision as part of an appeal of a separate issue, which was the earlier effective date for a subsequent award of a total rating based on unemployment. I mean, you call it a backhanded decision, but it's a decision. It's a decision on the merits. The decision made at page 49 of the record clearly indicates to the contrary that these were pending claims and that they remained open. If they remained open, then they've never been decided by the VA, and they cannot be decided by the Board in the first instance as part of a determination on earlier effective date. They needed to go back to the Regional Office because the Regional Office had an obligation under law. There is a specific VA regulation, 38 CFR 3.157B, that says if a medical record, either private or VA, raises a basis for an increase, then the VA is obligated to decide that decision. The Board said those matters which were identified by Mr. O'Leary did in fact raise such an issue and that they remained pending and open. If they're pending and open, then they need a decision by the VA in the first instance, and they didn't get that here. As a consequence, what happened was that Mr. O'Leary ends up with no administrative decision. There is no decision in the July 1, 2004 Board decision that's identified at page 41 for the issues or identified at page 56 in the order which says that the January 2001 decision was correctly decided. That was the matter that he put at issue. He was entitled to a decision on that by the Board. He was entitled to relief by the Veterans Court by an order compelling the Secretary vis-a-vis the Board to adjudicate those decisions because the Board had made the necessary predicate finding that these two informal claims remained pending and open. If they were pending and open, then they required a decision. Assume that you're right. What's the relief? The relief is to vacate the decision below, direct the court to either address in the first instance the argument that was presented to them and not addressed, or direct them, based upon the law, to send the matter directly back to the VA. But haven't they considered all those issues already anyway, is the point? Won't they just say, okay, and we reach the same decision? And why wouldn't the Board? Back to the VA, the VA would say the Board has already reached a decision which looks fine to us? And then we get an appeal of that, and then we get to present argument, and we can actually present additional evidence to show. But the point is the Board has really reviewed the entire record, haven't they? The question of whether they reviewed the record is not relevant, Your Honor. What's relevant here is that there was a VA decision that said there weren't two pending claims. The Board then said there were two pending claims. They cannot be decided by the Board in the first instance. That's not the way the Veterans adjudicatory system works. The Board reviews decisions of the VA. The decision at issue here… I'm asking you if you're helping your client by sending them back to get the same answer. I most certainly am, because he is entitled to a total rating from 1982, and he currently does not have a total rating from 1982. One of the issues that was presented… Judge Zobel just read us a clause from the decision which seems to say they did decide that issue. Now you say, well, maybe it was an open question that they should not have decided. They perceived they needed to decide it to decide the questions that were an issue. Because they merged two separate appeals and addressed both as though they were a single appeal. They were two separate appeals from two separate VA decisions on separate legal questions. And Mr.… Why are you against that kind of efficiency? Because my client didn't get a decision. But the point is he did get a decision. He got a decision by the Board, not a decision by the VA. He was entitled to a decision by the VA, and if the Board had acted correctly based upon… Is the evidence going to change somehow? Is there some likelihood that there's some difference in outcome? Yes, Your Honor. At the bottom of page 51, the Board itself says the evidence shows that the veteran was last substantially gainfully employed with the United States Postal Office from 1977 to November of 1983, and he attempted without success to return to work in the mid-80s at a taco restaurant and in the mid-90s selling cosmetics door-to-door. Now, the fact is that the record shows that he was unemployed during that period of time. If these claims were pending, then Mr. O'Leary is entitled to submit additional evidence to show that his inability to work was due to his service-connected disability. And he is entitled to present that evidence before the VA, not to have the Board decide, oh, well, as a matter of fact, those claims were pending, but now we're going to look at the record without letting you know ahead of time that we're going to find that these claims are pending, and we're going to look at evidence that you haven't had a chance to supplement. I see that I'm into my report time. Thank you, Mr. Carpenter. Mr. Kessler? Thank you. Good morning. I don't think there's any issue that the VA has addressed the issue as to the earliest effective date. It's clear when you look through the record that was submitted that running through the Board, from the rating decision to the Board appeal, Mr. O'Leary and Mr. Carpenter was asking that the earliest effective date be considered and was calling it an informal claim back to 1982 and 1984. Who's the initial fact finder in these proceedings? The initial fact finder is at the administrative level of the VA. And that's the one that Mr. Carpenter said didn't address the issue of unemployability and, therefore, the early entitlement, right? I believe he may be saying that, yes. And is there a subsequent fact finder after the VA? It is the Board of Veterans Affairs. And does the Board hear evidence? The Board does hear evidence, I believe, can hear evidence. I don't think that's – I believe, and this is beyond, I believe, the scope of this case, but I believe there's a procedure for doing so. Yes, I understand Mr. Carpenter. He's saying that the finder – the designated finder of fact didn't find the fact that the Board and, subsequently, the higher authority relied on in making an ultimate determination of no unemployability during the earlier period, right? I mean, that's what I understand. He cites a lot of regulations and stuff, but – He says that, yes. Okay. Now, why is he wrong? He's wrong because he asked the Board to consider these informal claims, to consider the informal claims as the earliest effective date for the unemployability. And that was appropriate because the earliest date of the claim – and these were informal claims, so there was no formal claim submitted on a piece of paper. Where did he request that the Board address issues which remained undecided by the Veterans Administration? In his VA Form 9 appeal to the Board of Veterans Appeals, which can be found at the Joint Appendix on page 100 and – I'm sorry, on page 90. In his appeal, he entitled his section, Entitlement to an Earlier Effective Date, on page 90 of the Joint Appendix, Entitlement to an Earlier Effective Date for TDIU prior to October 20, 1994. So he was asking for an earlier effective date. The VA had already found it October 1994. He wants to go back to 82 and 84. What he says is – he tells the Board, citing a case, that when addressing the effective date of award, you must identify the date of application and the facts found and assign the effective date accordingly. He then says, Mr. O'Leary contends that there are two pending claims that the Board must identify in awarding appropriate effective date. He then cites the 1982 informal claim and the 1984 informal claim. And continues to discuss it in his brief and concludes by asking that it is requested that the Board make a decision based upon the evidence found in the claim file. And that's on page 103 of the record of his brief. And so then the VA – the Board of Veterans Appeals did consider the earliest effective date. And that is the Board acknowledged that there were claims. The Board does state that there was open claims and that they had not been withdrawn. And I'm not – I don't believe that the Board then said, well, we're going to be an initial fact finder on this issue. What the Board then said was, looking at all the evidence of the earliest effective date, it's clear what controls this case. And that is that the earliest date that was factually ascertainable that Mr. O'Leary would be entitled to these total unemployability benefits was going to be July of 1994 based on the evidence. And that's based on the record before the Veterans Administration. Correct. And that's a proper finding based on the record. You can't contest that that was an improper finding. It was a proper finding. And then they then rule upon the issue and the logic, it's really a legal conclusion if anything, or a factual conclusion at that level, that the earliest effective date at all for this compensation could be the 1994 – consistent with the 1994 evidence. And that the fact that there was an earlier claim in 1982, 1984, it wouldn't matter if there was 14 more claims. It doesn't matter if they were not adjudicated. What the Board said was, I mean, yes, what the Board said was that based on the undisputed factual evidence, according to the finding of factual evidence, 1994 was the earliest effective date. So implicit in that finding is that there can't be an earlier date. Correct. And that factual finding was affirmed by the Veterans Court. And because that factual finding was affirmed and is not being contested and cannot be contested, this proceeding has not and cannot, that's a settled date. And as a result, we're not here discussing whether that's a correct conclusion. That was the finding by the Court of Appeals. Why wasn't it the appropriate thing for the Board to do to simply remand the question of whether the effective date ought to go back to 1982, saying that it hasn't been decided by the administrative authority yet? I can only read into the decision in which they state that there's a claim, and they state that it's open, but then they go on and spend three or four pages discussing the facts in evidence. Don't forget this. His appeal to the Board was for an earlier effective date. So his appeal to the Board didn't say there's these two informal, he mixes it in. I mean, among other things, he says there's informal claims that have not yet been adjudicated. But it's clear he's asking for those claims to be considered in light of the earliest effective date. The VA used the language that these issues remain open. They were resolved issues which were appropriate for Board consideration. I believe that's absolutely. Show us what you think gives that impression from the VA's decision. I don't think they had any doubt about it, and I don't think they explicitly addressed whether that was an issue. But what they say is... Well, they did address on page 51 the Postal Service information that Mr. Carpenter shared with us. They went on to discuss his work in the mid-'80s at the taco restaurant and the mid-'90s selling cosmetics. So they considered the evidence that Mr. Carpenter alluded to earlier. Correct. And on page 53 of the record of the decision is where the Board begins analyzing the evidence and then states at the bottom of the page that the issue is not whether the veteran was unemployed dating back to 82. The issue is whether his unemployment was solely due to his disability. And that's what they concluded properly could only be established as early as 1994. The report says that the veteran could no longer perform... On page 54 it goes on to say although the veteran's formal claim was received as early as 82, they're setting the effective date at 1994 and no earlier. That's right. Suggesting that they had considered it all the way back to 82 but found that it could be set only at 94 and no earlier. Absolutely. That's exactly how the court... So they had decided an issue even though they used the word we're leaving it open. I don't think they said they're leaving it open. The way I read it is that it was open for consideration. And they decided it. I'm sorry? And they decided it. It appears that they decided it. And I think what the Court of Appeals has said is exactly what you just said is that it was proper for the board under the circumstances of establishing the unassailable facts that 1994 was the earliest effective date. That was ascertainable. That there could be no earlier effective date. And so there was no question in the appellate decision that the Veterans Court did consider whether or not the board addressed the issue. And the Veterans Court at page 22, I'm sorry, page 2 and 3 addresses the fact that there was an informal claim in 1982 and 1984 that the basis of the appeal was to try to get an earlier effective date, that the board considered the earliest possible effective date, and that the outcome was controlled by the earliest effective date. And the Veterans Court concludes by saying the board correctly looked to the evidence of the earliest date of unemployability because the finding of facts not challenged any issues as to when TDIU was first claimed are moot. And that was the finding of the Veterans Court. And so are we here now determining whether that was a correct determination? No. We're here, according to Mr. O'Leary's counsel, to determine whether the Veterans Court actually failed to consider and take jurisdiction over this matter. The Veterans Court did not fail to take jurisdiction over this matter quite clearly. Thank you, Mr. Kessler. Thank you. Anything further? Mr. Carpenter, you have a little more than four minutes remaining. Thank you very much. I'd like to clarify a misstatement that was made by the government concerning the VA-9. The VA-9, or the substantive appeal which the government referred to, was not the VA-9 on the issue concerning the 2001 rating decision. That VA-9 is found in the record at 57 to 66, and particularly from pages 63 to 65, Mr. O'Leary outlined in his substantive appeal that the decision that was made in January of 2001 was not consistent with the law and that the statement of case failed to comprehend that the record did have two pending claims for unemployability, and the decision below said that those decisions were not necessary to have been made in the subsequent rating decisions. By the very nature of that decision, they said that they were not addressed. The critical point of the board's finding at page 49 of the joint appendix is in citation to 38 CFR 3.160. This is the VA's regulation that defines a pending claim. It is a matter that has not been decided. A matter that has not been decided cannot be decided in the first instance by the board, even if you accept the premise that the board made a decision. It seems that they did make a decision. It seems that you asked them to make a decision. I asked them to make a decision on whether or not the claim was or was not pending. They made that decision, and then the appropriate relief at that point, once they made that finding... But you say the medical evidence presented shows that the veteran has been unemployable due to his service since 1982. And all that does... You're not saying, please decide that issue. You're arguing he deserves it back to 1982. Of course he does, but there is a sequential way in which he must get that. He must get that by the VA deciding the matter in the first instance. When the board decides that it is a matter of law, there are two pending claims that have yet to be decided. That's what the board decided here, and the board then erred by not sending the matter back to the VA for a decision in the first instance. Unless there's any further questions, I believe I've covered everything that I can. Thank you very much, John. Thank you, Mr. Carpenter.